**UNITED STATES of America**

**v.**

**Jervis Jermaine PRINGLE, Appellant.**

**No. 09–1197.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 18, 2011.

Opinion filed: Nov. 22, 2011.

---

James B. Halligan, III, Office of District Attorney, Media, PA, Eric B. Henson, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Tariq K. El–Shabazz, Esq., Attorney, El–Shabazz & Harris, Philadelphia, PA, for Appellant.

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

A jury found Jervis Jermaine Pringle guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The District Court sentenced Pringle to 180 months' imprisonment—the mandatory minimum sentence set by statute. He appeals his conviction and sentence.

Pringle's attorney moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that all potential grounds for appeal are frivolous. Pringle filed numerous motions for extensions of time to file a *pro se* brief. Eventually, we entered an order directing him to file his brief by a certain date (more than seven months after counsel submitted his *Anders* brief), after which no further extensions would be granted. Pringle never did so. We grant counsel's motion and affirm Pringle's conviction and sentence.[1]

I.

As we write solely for the parties, we recite only those facts necessary to our decision. In January 2007, City of Chester Police and the FBI executed a search warrant at Pringle's residence. During the search, they found a loaded handgun on the bedroom floor. After waiving his *Miranda* rights, Pringle admitted that the gun was his.

Pringle was later indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He filed no pretrial motions to suppress either the physical evidence against him or his admission that the firearm was his. Instead he proceeded directly to trial, whereupon the jury found him guilty as charged. He filed no post-trial motions.

The Probation Office found that Pringle qualified as an armed career criminal because of four prior convictions for "serious drug offenses," as defined by 18 U.S.C. § 924(e). It calculated his advisory sentencing range as 235 to 293 months' imprisonment. The Government advocated for a sentence within the Guidelines range while Pringle moved for a downward departure from that range.

The District Court adopted the Probation Office's Pre–Sentence Report (PSR), without objection from the parties, and found that the Government had proven by a preponderance of the evidence that Pringle qualified as an armed career criminal. The Government had offered certified court records to establish three of Pringle's four prior serious drug offenses listed in the PSR. After hearing counsel's arguments on the factors required by 18 U.S.C. § 3553 to be considered at sentencing, and

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.

permitting Pringle to speak on his own behalf, the Court imposed a sentence it considered "fair and reasonable:" 180 months' imprisonment, which is the statutory mandatory minimum penalty, five years' supervised release, a $1,000 fine, and a $100 special assessment.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry is ... twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

In his *Anders* brief, Pringle's attorney identifies two potential grounds for appeal: the procedural and substantive reasonableness of Pringle's sentence. Our review of the record confirms counsel's assessment that there are no non-frivolous issues for appeal.

▇▇▇ We review Pringle's sentence for procedural and substantive reasonableness. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir.2007). The District Court correctly calculated the advisory Guidelines range, listened to arguments from Pringle and his counsel, and considered the sentencing factors under 18 U.S.C. § 3553. It explained its ruling and its decision to grant a very significant downward variance from the Guideline range of 235 to 293 months' imprisonment to the statutory mandatory minimum of 180 months' imprisonment. The Court's sentence was undoubtedly substantively reasonable because the Court had no authority to impose a sentence less than the statutory mandatory minimum. *United States v. Kellum*, 356 F.3d 285, 289–90 (3d Cir.2004).

\*     \*     \*     \*     \*     \*

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any non-frivolous ground for appeal, we grant counsel's motion to withdraw and affirm Pringle's sentence.[2] In addition, we certify that that the issues presented lack legal merit and that counsel is not required to file a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

---

[2] Pringle is hereby advised that, under the Criminal Justice Act, counsel is not obliged to file a petition for rehearing in this Court or a petition for a writ of *certiorari* in the Supreme Court of the United States. *See* L.A.R. 35.4; 109.2(b). If Pringle wishes to pursue these avenues, he must do so *pro se* or through retained counsel. Should Pringle wish to file a petition for rehearing *en Banc*, an original and 14 copies of the petition must be filed within 14 days of the entry of judgment, or if that time has passed, he may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this order to Pringle.